MILBERG WEISS BERSHAD
  & SCHULMAN LLP
JEFF S. WESTERMAN (SBN 94559)
ELIZABETH P. LIN (SBN 174663)
355 S. Grand Avenue, Suite 4170
Los Angeles, CA 90071-3172
Telephone:  (213) 617-1200
Facsimile:   (213) 617-1975

Lead Counsel for the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re TRIPATH TECHNOLOGY INC., SECURITIES LITIGATION | ) Master File No. C 04 4681 SBA )  ) CLASS ACTION ) |
| This Document Relates To:  ALL ACTIONS | ) PRELIMINARY ORDER FOR NOTICE ) AND HEARING IN CONNECTION WITH ) SETTLEMENT PROCEEDINGS )  )  )  )  )  ) |

PRELIMINARY ORDER FOR NOTICE & HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS
CASE NO.: 04-CV-04681 (SBA)
DOCS\295379v1

1    WHEREAS, on July 12, 2005, the parties to the above-entitled action (the "Action") entered

2    into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under

3    Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets

4    forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on

5    the merits and with prejudice; and the Court having read and considered the Stipulation and the

6    accompanying documents; and the parties to the Stipulation having consented to the entry of this

7    Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

8    NOW, THEREFORE, IT IS HEREBY ORDERED that:

9    1.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the

10   purposes of the Settlement only, this Action is hereby certified as a class action on behalf of all

11   persons who purchased the securities of Tripath Technology Inc. between January 29, 2004 and

12   June 13, 2005, inclusive, and who were damaged thereby.  Excluded from the Class are the

13   Defendants, the officers and/or directors of Tripath, at all relevant times, members of their

14   immediate families (parents, spouses, siblings, and children), and their legal representatives, heirs,

15   successors or assigns, and any entity in which the Defendants have or had a controlling interest.

16   2.    The Court finds, for the purposes of the Settlement only, that the prerequisites for a

17   class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied

18   in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is

19   impracticable; (b) there are questions of law and fact common to the Class;  (c) the claims of the

20   named representatives are typical of the claims of the Class they seek to represent;  (d) the Lead

21   Plaintiff will fairly and adequately represent the interests of the Class; (e) the questions of law and

22   fact common to the members of the Class predominate over any questions affecting only individual

23   members of the Class; and (f) a class action is superior to other available methods for the fair and

24   efficient adjudication of the controversy.

25   3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of

26   the Settlement only, Lead Plaintiff Robert Poteet is certified as Class Representative.

27

28

NOTICE OF PENDENCY OF CLASS ACTION & PROPOSED SETTLEMENT,
MOTION FOR ATTORNEYS' FEES & SETTLEMENT FAIRNESS HEARING CASE NO.: 04-CV-04681 (SBA)

1       4.    A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal

2   Rules of Civil Procedure is hereby scheduled to be held before the Court on January 24, 2006, at

3   1:00 p.m. for the following purposes:

4       (a)    to finally determine whether this Action satisfies the applicable prerequisites

5   for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

6       (b)    to determine whether the proposed Settlement is fair, reasonable, and

7   adequate, and should be approved by the Court;

8       (c)    to determine whether the Order and Final Judgment as provided under the

9   Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with

10  prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the

11  Stipulation, should be provided to the Released Parties;

12      (d)    to determine whether the proposed Plan of Allocation for the proceeds of the

13  Settlement is fair and reasonable, and should be approved by the Court;

14      (e)    to consider Plaintiffs' Counsel's application for an award of attorneys' fees

15  and expenses; and

16      (f)    to rule upon such other matters as the Court may deem appropriate.

17      5.    The Court recognizes and acknowledges that one consequence of a determination of

18  fairness at the Settlement Fairness Hearing is that, pursuant to Section 3(a)(10) of the Securities Act

19  of 1933, 15 U.S.C. §77c(a)(10), the Settlement Shares may be distributed to Class Members without

20  registration and compliance with the prospectus delivery requirements of the securities laws.

21      6.    The Court reserves the right to approve the Settlement with or without modification

22  and with or without further notice of any kind.  The Court further reserves the right to enter its Order

23  and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with

24  prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and

25  expenses.

26      7.    The Court approves the form, substance and requirements of the Notice of Pendency

27  of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness

28

1 Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2

2 respectively.

3         8.     The Court approves the appointment of Gilardi & Co. LLC as the Claims

4 Administrator.  The Claims Administrator shall cause the Notice and the Proof of Claim,

5 substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or

6 before November 4, 2005 to all Class Members who can be identified with reasonable effort.  The

7 Defendants shall cause Tripath's transfer records and shareholder information to be made available

8 to the Claims Administrator for the purpose of identifying and giving notice to the Class.  The

9 Claims Administrator shall use reasonable efforts to give notice to nominee owners such as

10 brokerage firms and other persons or entities who purchased Tripath securities during the Class

11 Period as record owners but not as beneficial owners.  Such nominee purchasers are directed, within

12 seven (7) days of their receipt of the Notice, to either forward copies of the Notice and Proof of

13 Claim to their beneficial owners, or to provide the Claims Administrator with lists of the names and

14 addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and

15 Proof of Claim promptly to such identified beneficial owners.  Nominee purchasers who elect to

16 send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims

17 Administrator confirming that the mailing was made as directed.  Additional copies of the Notice

18 shall be made available to any record holder requesting such for the purpose of distribution to

19 beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund,

20 upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of

21 sending the Notices and Proofs of Claim to beneficial owners.  Lead Counsel shall, at or before the

22 Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

23         9.     The Court approves the form of Publication Notice of the pendency of this class

24 action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3

25 and directs that Plaintiffs' Lead Counsel shall cause the Publication Notice to be published in the

26 national edition of Investor's Business Daily within ten days of the mailing of the Notice.  Plaintiffs'

27 Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of

28 publication of the Published Notice.

1      10.     The form and content of the Notice, and the method set forth herein of notifying the

2  Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal

3  Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C.

4  §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process,

5  constitute the best notice practicable under the circumstances, and shall constitute due and sufficient

6  notice to all persons and entities entitled thereto.

7      11.     In order to be entitled to participate in the Net Settlement Fund, in the event the

8  Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each

9  Class Member shall take the following actions and be subject to the following conditions:

10      (a)     A properly executed Proof of Claim (the "Proof of Claim"), substantially in

11  the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post

12  Office Box indicated in the Notice, postmarked not later than February 23, 2006. Such deadline may

13  be further extended by Court Order.  Each Proof of Claim shall be deemed to have been submitted

14  when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided

15  such Proof of Claim is actually received prior to the motion for an order of the Court approving

16  distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be

17  deemed to have been submitted when it was actually received at the address designated in the

18  Notice.

19      (b)     The Proof of Claim submitted by each Class Member must satisfy the

20  following conditions:  (i) it must be properly completed, signed and submitted in a timely manner in

21  accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by

22  adequate supporting documentation for the transactions reported therein, in the form of broker

23  confirmation slips, broker account statements, an authorized statement from the broker containing

24  the transactional information found in a broker confirmation slip, or such other documentation as is

25  deemed adequate by Plaintiffs' Lead Counsel; (iii) if the person executing the Proof of Claim is

26  acting in a representative capacity, a certification of his current authority to act on behalf of the Class

27  Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and

28

1   contain no material deletions or modifications of any of the printed matter contained therein and

2   must be signed under penalty of perjury.

3           (c)     As part of the Proof of Claim, each Class Member shall submit to the

4   jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the

5   Settlement) release all Settled Claims as provided in the Stipulation.

6           12.     Class Members shall be bound by all determinations and judgments in this Action,

7   whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely

8   and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall

9   mail the request in written form by first class mail postmarked no later than December 19, 2005 to

10  the address designated in the Notice.  Such request for exclusion shall clearly indicate the name,

11  address and telephone number of the person seeking exclusion, that the sender requests to be

12  excluded from the Class in the Tripath Securities Litigation, and must be signed by such person.

13  Such persons requesting exclusion are also directed to state:  the date(s), price(s), and number(s) of

14  shares of all purchases and sales of Tripath securities during the Class Period.  The request for

15  exclusion shall not be effective unless it provides the required information and is made within the

16  time stated above, or the exclusion is otherwise accepted by the Court.

17          13.     Class Members requesting exclusion from the Class shall not be entitled to receive

18  any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

19          14.     The Court will consider comments and/or objections to the Settlement, the Plan of

20  Allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or

21  objections and any supporting papers are filed in writing with the Clerk of the Court, United States

22  District Court, Northern District of California, 1301 Clay Street, Oakland, CA  94612-5212, and

23  copies of all such papers are served, on or before December 19, 2005, upon each of the following:

24  Jeff S. Westerman, Esq., Milberg Weiss Bershad & Schulman LLP, 355 South Grand Ave., Suite

25  4170, Los Angeles, CA 90071, on behalf of the Lead Plaintiff and the Class; and Sarah A. Good,

26  Esq., Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation, Three

27  Embarcadero Center, 7th Floor, San Francisco, CA 94111-4024, and Susan S. Muck, Esq., Fenwick

28  & West LLP, Embarcadero Center West, 275 Battery Street, Suite 1600, San Francisco, CA  94111,

1   on behalf of the Defendants.  Attendance at the hearing is not necessary; however, persons wishing

2   to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the

3   request for attorneys' fees are required to indicate in their written objection their intention to appear

4   at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or

5   counsel's application for an award of attorneys' fees and expenses and desire to present evidence at

6   the Settlement Fairness Hearing must include in their written objections the identity of any witnesses

7   they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness

8   Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate

9   their approval.

10       15.     Pending final determination of whether the Settlement should be approved, the Lead

11   Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their

12   behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against

13   any Released Party.

14       16.     As provided in the Stipulation, Plaintiffs' Lead Counsel may pay the Claims

15   Administrator the reasonable fees and costs associated with giving notice to the Class and the review

16   of claims and administration of the Settlement out of the Gross Settlement Fund without further

17   order of the Court.

18       17.     If:  (a) the Settlement is terminated by Defendants pursuant to ¶ 22 of the Stipulation;

19   or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and

20   Plaintiffs' Lead Counsel or Counsel for the Defendants elects to terminate the Settlement as

21   provided in ¶ 24 of the Stipulation, then, in any such event, the Stipulation, including any

22   amendment(s) thereof, and this Preliminary Order certifying the Class and the Class Representatives

23   for purposes of the Settlement shall be null and void, of no further force or effect, and without

24   prejudice to any party, and may not be introduced as evidence or referred to in any actions or

25   proceedings by any person or entity, and each party shall be restored to his, her or its respective

26   position as it existed prior to the execution of the Stipulation.

27   ///

28   ///

1          18.     The Court retains exclusive jurisdiction over the Action to consider all further matters

2   arising out of or connected with the Settlement.

3

4   Dated:   October 19, 2005

    _____
    The Honorable Saundra B. Armstrong
    United States District Court Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re TRIPATH TECHNOLOGY INC.,  ) Case No. C 04 4681 SBA
SECURITIES LITIGATION          )
                               )
_____)
                               )
This Document Relates To:      )
                               )
ALL ACTIONS                    )
                               )
_____)

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING**

**If you purchased the securities of Tripath Technology Inc. ("Tripath") between January 29, 2004 and June 13, 2005, inclusive, and was damaged thereby, then you could get a payment from a class action settlement.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- The settlement will provide 2.45 million shares of Tripath common stock and $200,000 in cash for the benefit of investors who purchased the securities of Tripath between January 29, 2004 and June 13, 2005, inclusive (the "Class Period"), and who were damaged thereby.

- The settlement resolves a lawsuit over whether Tripath and certain of its officers and directors misled investors about Tripath's financial results and future earnings.

- Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Defendants and the other Released Parties about the Settled Claims. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved.  Please be patient.

## **SUMMARY NOTICE**

Statement of Plaintiff Recovery

Pursuant to the settlement described herein, a Settlement Fund consisting of $200,000 in cash, plus interest, and 2,450,000 shares of Tripath common stock has been established.  Plaintiffs estimate that there were approximately 58.5 million shares of Tripath common stock traded during the Class Period which may have been damaged.  Plaintiffs estimate that the cash portion of the settlement proceeds will be consumed in notice and administration costs or other litigation expenses.  Plaintiffs estimate that the average recovery per damaged share of Tripath common stock under the settlement is 4.19 new Tripath Settlement Shares per 100 damaged shares[1] before deduction of Court-awarded attorneys' fees and expenses.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim.  Depending on the number of claims submitted, when during the Class Period a Class Member purchased shares of Tripath common stock, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received, an individual Class Member may receive more or less than this average amount.  *See* the Plan of Allocation on page ___ for more information on your Recognized Claim.

---

[1]      An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share.

<u>Statement of Potential Outcome of Case</u>

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if plaintiffs were to have prevailed on each claim alleged. The Defendants deny that they are liable to the plaintiffs or the Class and deny that plaintiffs or the Class have suffered any damages.

<u>Statement of Attorneys' Fees and Costs Sought</u>

Plaintiffs' Counsel are moving the Court to award attorneys' fees not to exceed one-quarter (25%) of the Gross Settlement Fund. The requested fees and expenses would amount to an average of 1.04 new Tripath Settlement Shares and 8.5¢ per 100 damaged shares for attorneys' fees. Plaintiffs' Counsel also intend to move the Court for reimbursement of expenses incurred in connection with the prosecution of this Action in the approximate amount of $20,000, which would amount to an average of 3¢ per 100 damaged shares. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

<u>Further Information</u>

Further information regarding the Action and this Notice may be obtained by contacting Lead Counsel for the Class: Jeff S. Westerman, Esq., Milberg Weiss Bershad & Schulman LLP, 355 South Grand Ave., Suite 4170, Los Angeles, CA 90071, Telephone (213) 617-1200.

<u>Reasons for the settlement</u>

The principal reason for the settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future. While the Defendants deny any liability or damages, an additional risk plaintiffs considered is the risk that, even if they succeeded in establishing liability and damages, the Defendants' resources would not likely support a greater recovery than is being obtained by this settlement

**[END OF COVER PAGE]**

NOTICE OF PENDENCY OF CLASS ACTION & PROPOSED SETTLEMENT,
MOTION FOR ATTORNEYS' FEES & SETTLEMENT FAIRNESS HEARING CASE NO.: 04-CV-04681 (SBA)

-2-

# WHAT THIS NOTICE CONTAINS

## Table of Contents

Page

SUMMARY NOTICE ……………………………………………………………1

    Statement of Plaintiff Recovery ……………………………………..……1

    Statement of Potential Outcome of Case  ………………………………...…2

    Statement Of Attorneys' Fees And Costs Sought  …………………….…......2

    Further Information …………………………………………………………2

    Reasons for Settlement …………………………………………………….2

BASIC INFORMATION …………………………………………………………5

    1.    Why did I get this notice package? …………………………...……………5

    2.    What is this lawsuit about? …………………………………….....................5

    3.    Why is this a class action? …………………………………………...…6

    4.    Why is there a settlement? ……………………………………………...6

WHO IS IN THE SETTLEMENT……………………………………………………6

    5.    How do I know if I am part of the settlement? ……………………………...6

    6.    Are there exceptions to being included? …………………………………6

    7.    What if I am still not sure if I am included? …………………………………7

THE SETTLEMENT BENEFITS — WHAT YOU GET ……………………….....................7

    8.    What does the settlement provide? …………………………….........................7

    9.    How much will my payment be? ………………………………….....................7

HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM …………7

    10.    How can I get a payment? …………………………….........................................7

    11.    When would I get my payment? ………………………………………...........7

    12.    What am I giving up to get a payment or stay in the Class? ………………......8

EXCLUDING YOURSELF FROM THE SETTLEMENT ………………………….............8

    13.    How do I get out of the proposed settlement? …………………………........8

NOTICE OF PENDENCY OF CLASS ACTION & PROPOSED SETTLEMENT,
MOTION FOR ATTORNEYS' FEES & SETTLEMENT FAIRNESS HEARING CASE NO.: 04-CV-04681 (SBA)

-3-

14.    If I do not exclude myself, can I sue the Defendants
       and the other Released Parties for the same thing later? ........................9

15.    If I exclude myself, can I get Settlement Shares from the
       proposed settlement? ...............................................................9

THE LAWYERS REPRESENTING YOU ...............................................9

16.    Do I have a lawyer in this case? ..................................................9

17.    How will the lawyers be paid? ....................................................9

OBJECTING TO THE SETTLEMENT ...............................................10

18.    How do I tell the Court that I do not like the proposed settlement? .............10

19.    What is the difference between objecting and excluding? ......................10

THE COURT'S SETTLEMENT FAIRNESS HEARING ...........................11

20.    When and where will the Court decide whether to approve
       the proposed settlement ...........................................................11

21.    Do I have to come to the hearing? ...............................................11

22.    May I speak at the hearing? ......................................................11

IF YOU DO NOTHING ...............................................................12

23.    What happens if I do nothing at all? ............................................12

GETTING MORE INFORMATION ...................................................12

24.    Are there more details about the proposed settlement? .......................12

25.    How do I get more information? .................................................12

PLAN OF ALLOCATION OF NET SETTLEMENT FUND
AMONG CLASS MEMBERS .........................................................12

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES ................15

NOTICE OF PENDENCY OF CLASS ACTION & PROPOSED SETTLEMENT,
MOTION FOR ATTORNEYS' FEES & SETTLEMENT FAIRNESS HEARING   CASE NO.: 04-CV-04681 (SBA)

-4-

## BASIC INFORMATION

| 19. | Why did I get this notice package? |
|---|---|

You or someone in your family may have purchased the securities of Tripath during the period between January 29, 2004 and June 13, 2005, inclusive.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re Tripath Technology Inc. Securities Litigation*, Civil Action No. 04 4681 (SRB). This case was assigned to United States District Judge Saundra B. Armstrong. The people who sued are called plaintiffs, and the company and the individuals they sued, Tripath and Adya Tripathi (Chairman, President, and Chief Executive Officer of Tripathi during the Class Period), David Eichler (Chief Financial Officer of Tripathi during the Class Period until his departure on September 15, 2004), and Graham K. Wright (Vice President of Sales and Marketing of Tripathi during the Class Period), are called the Defendants.

| 20. | What is this lawsuit about? |
|---|---|

Tripath is a San Jose, California-based semiconductor company that focuses on providing power amplification to the digital media consumer electronics and communications markets. Tripath owns the patented technology called Digital Power Processing (DPP(R)), which leverages modern advances in digital signal processing and power processing in audio, DSL, and wireless communications products.

The lawsuit claims that, throughout the Class Period, Tripath disseminated press releases and SEC filings which reported quarter after quarter of record results for the company. According to the lawsuit, the Defendants attributed the record results to the sale of Tripath's products and design wins (*i.e.*, the selection of Tripath products for design into its customers' new products) in the communications and home entertainment system markets.

Plaintiffs allege that Tripath's seeming success was the result of improper accounting that artificially inflated Tripath's reported results. The lawsuit claims that the Defendants' SEC filings and press releases during the Class Period included materially false and misleading statements with respect to Tripath's financial results and the company's business, prospects and operations. According to the plaintiffs, the Defendants issued these statements in a scheme to artificially inflate the value of Tripath's securities in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. Plaintiffs further allege that Class Members purchased the securities of Tripath during the Class Period at artificially-inflated prices and were damaged thereby.

The Defendants deny they did anything wrong.

| 21. | Why is this a class action? |
|---|---|

In a class action, one or more people called Class Representatives (in this case Robert Poteet), sue on behalf of people who have similar claims. All these people are a Class or Class Members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 22. | Why is there a settlement? |
|---|---|

Beginning in November 2004, four class action complaints were filed in the United States District Court for the Northern District of California alleging that Defendants had violated the federal securities laws.

On December 22, 2004, the Court consolidated the four class actions under the caption *In re Tripath Technology, Inc. Securities Litigation*, Civil Action No. 04 4681. By Order dated January 28, 2005, the Court appointed Robert Poteet as Lead Plaintiff and approved the law firm of Milberg Weiss Bershad & Schulman LLP as Lead Counsel.

Thereafter, Lead Counsel and Defendants' Counsel entered into negotiations with a view to compromising and settling the issues in dispute. As a result of these negotiations, both sides agreed to a settlement before the Court was faced with deciding in favor of the Plaintiffs or Defendants. That way, the two sides avoided the risks and cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members.

## <u>WHO IS IN THE SETTLEMENT</u>

To see if you will get Settlement Shares from this settlement, you first have to decide if you are a Class Member.

| 23. | How do I know if I am part of the settlement? |
|---|---|

The Court directed that, for the purposes of the proposed settlement, everyone who fits this description is a Class Member: *All persons who purchased the securities of Tripath Technology Inc. between January 29, 2004 and June 13, 2005, inclusive, and who were damaged thereby.*

| 24. | Are there exceptions to being included? |
|---|---|

Excluded from the Class are the Defendants, the officers and/or directors of Tripath, at all relevant times, members of their immediate families (parents, spouses, siblings, and children), and their legal representatives, heirs, successors or assigns, and any entity in which the Defendants have or had a controlling interest.

If one of your mutual funds purchased Tripath securities during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you directly purchased Tripath securities during the Class Period. Contact your broker to see if you purchased Tripath securities during the Class Period.

If you **sold** Tripath securities during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you **purchased** your securities during the Class Period.

> **25.   What if I am still not sure if I am included?**

If you are still not sure whether you are included, you can ask for free help.  You can call 1-800-_____-_____ or visit www.gilardi.com for more information.  Or you can fill out and return the Proof of Claim form described on page ___, in question 10, to see if you qualify.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

> **26.   What does the settlement provide?**

In exchange for the settlement and dismissal of the Action, the Defendants have agreed to pay $200,000 in cash and to deliver 2,450,000 freely tradable shares of Tripath common stock for the benefit of the Class.  The Settlement Shares shall be divided among all Class Members who send in a valid Proof of Claim form.  The cash portion of the settlement is expected to be consumed in connection with the litigation expenses and the costs of notice and administration of the settlement.

> **27.   How much will my payment be?**

Your share of the Settlement Shares will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, how many shares of Tripath common stock you bought, how much you paid for them, and when you bought and whether or when you sold them, and if so for how much you sold them.

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation.  It is unlikely that you will get a payment for all of your Recognized Claim.  After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Shares equal to your Recognized Claim divided by the total of everyone's Recognized Claims.  See the Plan of Allocation on page ___ for more information on your Recognized Claim.  Although it is possible that the Settlement Shares would be sold prior to distribution to the Class, Lead Counsel expect that Authorized Claimants will be paid in new Tripath Settlement Shares

### HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM

> **28.   How can I get a payment?**

To qualify for a payment, you must send in a Proof of Claim form.  A Proof of Claim form is being circulated with this Notice.  You may also get a Proof of Claim form on the Internet at www.gilardi.com.  Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, **2005**.

> **29.   When would I get my payment?**

The Court will hold a hearing on _____, **2005**, to decide whether to approve the settlement.  If the Court approves the settlement after that, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

PROOF OF CLAIM AND RELEASE
CASE NO.: 04-CV-04681 (SBA)

| 30. | What am I giving up to get a payment or stay in the Class? |
|---|---|

Unless you exclude yourself, you are staying in the class, and that means that, upon the "Effective Date," you will release all "Settled Claims" (as defined below) against the "Released Parties" (as defined below).

"Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including known claims and Unknown Claims (as defined in the Stipulation), arising out of, based upon or related in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement), including: (i) the allegations made in the Action by the Class Members or any of them against any of the Released Parties; or (ii) the allegations that could have been made in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions, involved, set forth, or referred to in the Complaint, or that involve events that occurred during the Class Period, and which relate to the purchase or acquisition of Tripath securities during the Class Period.

"Released Parties" means any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, controlling shareholders, attorneys, advisors, investment advisors, auditors, accountants, assigns, spouses, any member of an Individual Defendant's immediate family, or any trust which is for the benefit of any Individual Defendant and/or member(s) of his immediate family and the legal representatives, heirs or successors in interest of the Defendants, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants.

The "Effective Date" will occur when an Order entered by the Court approving the settlement becomes final and not subject to appeal.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to share in this settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Parties, on your own, about the Settled Claims, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the settlement class. Defendants may withdraw from and terminate the settlement if putative Class Members who purchased in excess of a certain amount of Tripath common stock exclude themselves from the Class.

| 31. | How do I get out of the proposed settlement? |
|---|---|

To exclude yourself from the settlement Class, you must send a signed letter by mail stating that you "request exclusion from the Class in the Tripath Securities Litigation." Your letter should state the date(s), price(s), and number(s) of shares of all your purchases and sales of Tripath securities during the Class Period. In addition, be sure to include your name, address, telephone number, and your

signature.  You must mail your exclusion request postmarked no later than _____, **2005** to:

Tripath Securities Litigation Settlment Fund Exclusions
c/o Gilardi & Co. LLC, Claims Administrator
P.O. Box 0000
City, ST 00000-0000

You cannot exclude yourself by telephone or by e-mail.  If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Released Parties in the future.

| 32. | If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later? |
|---|---|

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Parties for any and all Settled Claims.  If you have a pending lawsuit speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, **2005**.

| 33. | If I exclude myself, can I get Settlement Shares from the proposed settlement? |
|---|---|

No.  If you exclude yourself, do not send in a Proof of Claim form to ask for any Settlement Shares.  But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against the Defendants and the other Released Parties.

### THE LAWYERS REPRESENTING YOU

| 34. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Milberg Weiss Bershad & Schulman LLP will represent all Class Members.  These lawyers are called Lead Counsel.  You will not be separately charged for these lawyers.  The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Gross Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 35. | How will the lawyers be paid? |
|---|---|

Plaintiffs' Counsel are moving the Court to award attorneys' fees from the Gross Settlement Fund in an amount of not greater than one-quarter (25%) of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $20,000, plus interest on such expenses at the same rate as earned by the Settlement Fund.  Lead Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class and any proceedings subsequent to the Settlement Fairness Hearing.  Lead Counsel expect that the cash portion of the settlement proceeds paid by the Defendants will be used exclusively to pay notice and administration expenses and to reimburse Plaintiffs' Counsel's litigation expenses.

1

## <u>OBJECTING TO THE SETTLEMENT</u>

2

You can tell the Court that you do not agree with the settlement or some part of it.

3

| 36. How do I tell the Court that I do not like the proposed settlement? |
| --- |

4

5

6

7

If you are a Class Member you can object to the settlement or any of its terms, the proposed Plan of Allocation and/or the application by Plaintiffs' Counsel for an award of fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the settlement terms or arrangements. The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

8

9

10

11

To object, you must send a signed letter stating that you object to the proposed settlement in the Tripath Securities Litigation. Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of all purchases and sales of Tripath securities you made during the Class Period, and state the reasons why you object to the settlement. Your objection must be filed with the Court and served on all the following counsel on or before _____, 2005:

12

13

14

15

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
| --- | --- | --- |
| Clerk of the Court<br>United States District Court<br> for the Northern District of<br> California<br>1301 Clay Street<br>Oakland, CA  94612-5212 | Jeff S. Westerman, Esq.<br>Milberg Weiss Bershad<br> & Schulman LLP<br>355 South Grand Ave.<br>Suite 4170<br>Los Angeles, CA  90071 | Sarah A. Good, Esq<br>Howard Rice Nemerovski<br> Canady Falk<br>Three Embarcadero Center<br>Suite 700<br>San Francisco, CA  94111-4065 |

16

17

18

Susan S. Muck, Esq.
Fenwick & West LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA  94111

19

20

21

22

23

You do not need to go to the Settlement Fairness Hearing to have your written objection considered by the Court. At the Settlement Fairness Hearing, any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the procedures set out in this question 18 and question 22 below for filing with the Court and providing to the counsel for Plaintiffs and Defendants a statement of an intention to appear at the Settlement Fairness Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Hearing.

24

25

| 37. What is the difference between objecting and excluding? |
| --- |

26

27

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

28

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

| 38. | When and where will the Court decide whether to approve the proposed settlement? |
| --- | --- |

The Court will hold a Settlement Fairness Hearing at ___:_____ ___.m. on _____day, _____, 2005, at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612-5212. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. At the Settlement Fairness Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the settlement and the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions at question 18. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 22 for more information about speaking at the hearing. The Court may also decide how much to pay to Plaintiffs' Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing. Thus, if you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

| 39. | Do I have to come to the hearing? |
| --- | --- |

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 40. | May I speak at the hearing? |
| --- | --- |

If you object to the settlement, you may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (see question 18 above) a statement stating that it is your "Notice of Intention to Appear in *In re Tripath Technology, Inc. Securities Litigation, Civil Action No. 04 4681 (SBA).*" Persons who intend to object to the settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing by the deadline identified, and in accordance with the procedures described in questions 18 and 20 above.

1

## IF YOU DO NOTHING

2

3

| 41. | What happens if I do nothing at all? |
| --- | --- |

4

5

If you do nothing, you will get no Settlement Shares from this settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Parties about the Settled Claims in this case, ever again. To share in the Net Settlement Fund you must submit a Proof of Claim form (see question 10). To start, continue or be a part of any other lawsuit against the Defendants and the other Released Parties about the Settled Claims in this case you must exclude yourself from this class (see question 13).

6

7

8

## GETTING MORE INFORMATION

9

| 42. | Are there more details about the proposed settlement? |
| --- | --- |

10

11

This notice summarizes the proposed settlement. More details are in a Stipulation and Agreement of Settlement dated July 11, 2005 (the "Stipulation"). You can get a copy of the Stipulation by writing to Jeff S. Westerman, Esq., Milberg Weiss Bershad & Schulman LLP, 355 South Grand Ave., Suite 4170, Los Angeles, CA 90071, or by visiting www.gilardi.com.

12

13

You also can call the Claims Administrator at 1-800-_____-_____ toll free; write to Tripath Securities Litigation Settlement Fund, P.O. Box 0000, City, ST 00000-0000; or visit the website at www.gilardi.com, where you will find answers to common questions about the settlement, a Proof of Claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

14

15

16

| 43. | How do I get more information? |
| --- | --- |

17

18

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612-5212, during regular business hours.

19

20

21

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

22

23

The $200,000 Cash Settlement Amount and the interest earned thereon, and the 2,450,000 shares of Tripath common stock (or the proceeds of the sale of any or all of such shares, if sold) shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

24

25

26

The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized

27

28

Claimants pursuant to the settlement.  The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

"Recognized Claims" will be calculated for purposes of the Settlement as follows:

(a)     For shares of Tripath common stock purchased during the period between January 29, 2004 and October 18, 2004, inclusive, and

(i)     Sold on or before October 18, 2004, an Authorized Claimant shall have no ($0.00) "Recognized Claim";

(ii)     Sold during the period from October 19, 2004 through and including October 22, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) the purchase price (including commissions, etc.) less the sales price (net of commissions, etc.), (b) the purchase price (including commissions, etc.) less $0.64, or (c) $0.15;

(iii)     Sold during the period from October 25, 2004 through and including June 13, 2005, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) the purchase price (including commissions, etc.) less the sales price (net of commissions, etc.), (b) the purchase price paid (including commissions, etc.) less $0.64, or (c) $0.90;

(iv)     Held as of the close of trading on June 13, 2005, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) the purchase price (including commissions, etc.) less $0.64, or (b) $0.92.

(b)     For shares of Tripath common stock purchased during the period between October 19, 2004 and October 22, 2004, inclusive, and

(i)     Sold on or before October 22, 2004, an Authorized Claimant shall have no ($0.00) "Recognized Claim";

(ii)     Sold during the period from October 25, 2004 through and including June 13, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) the purchase price (including commissions, etc.) less the sales price (net of commissions, etc.), (b) the purchase price (including commissions, etc.) less $0.64, or (c) $0.75;

(iii)     Held as of the close of trading on June 13, 2005, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) the purchase price (including commissions, etc.) less $0.64, or (b) $0.77.

(c)     For shares of Tripath common stock purchased during the period between October 25, 2005 and June 13, 2005, and

(i)      Sold on or before June 13, 2004, an Authorized Claimant shall have no ($0.00) "Recognized Claim";

(ii)     Held as of the close of trading on June 13, 2005, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) the purchase price (including commissions, etc.) less $0.64, or (b) $0.02.

In the event a Class Member has more than one purchase or sale of Tripath common stock, all purchases and sales shall be matched on a First In First Out ("FIFO") basis, Class Period sales will be matched first against any Tripath shares held at the beginning of the Class Period and then against purchases in chronological order.  A purchase or sale of Tripath common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, devise or operation of law of Tripath common stock during the Class Period shall not be deemed a purchase or sale of Tripath common stock for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Tripath common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Tripath common stock.

To the extent a Claimant had a gain from his, her or its overall transactions in Tripath common stock during the Class Period, the value of the Recognized Claim will be zero.  To the extent that a Claimant suffered an overall loss on his, her or its overall transactions in Tripath common stock during the Class Period, but that loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual loss.

For purposes of determining whether a Claimant had a gain from his, her or its overall transactions in Tripath common stock during the Class Period or suffered a loss, the Claims Administrator shall: (i) total the amount paid for all Tripath common stock purchased during the Class Period by the claimant (the "Total Purchase Amount"); (ii) match any sales of Tripath common stock during the Class Period first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining shares of Tripath common stock sold during the Class Period (the "Sales Proceeds"); and (iv) ascribe a $0.64 per share holding value for the number of shares of Tripath common stock purchased during the Class Period and still held at the end of the Class Period ("Holding Value").  The difference between (x) the Total Purchase Amount ((i) above) and (y) the sum of the Sales Proceeds ((iii) above) and the Holding Value ((iv) above) will be deemed a Claimant's gain or loss on his, her or its overall transactions in Tripath common stock during the Class Period.

Each Authorized Claimant entitled to more than the minimum number of shares (see next paragraph) shall be allocated a *pro rata* share of the Net Settlement Shares (adjusted for attorneys' fees and the minimum share distribution) based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.  Each authorized Claimant shall be paid an amount of Net Settlement Shares determined by multiplying the Net Settlement Shares by a fraction, the numerator of which shall be his, her or its "Recognized Claim" and the denominator of which shall be the total Recognized Claims of all Authorized Claimants.

The minimum number of Settlement Shares which shall be distributed to each Authorized Claimant shall be 15 shares of new Tripath common stock.  To the extent that an Authorized Claimant's calculated distribution is less than 15 Settlement Shares, that claimant will receive a distribution of 15 Settlement Shares.  No fractional shares shall be issued.

Class Members who do not submit acceptable Proofs of Claim will not share in the settlement proceeds.  Class Members who do not either submit a request for exclusion or submit an acceptable

1   Proof of Claim will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

2

3   Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the settlement.  If any cash funds remain in the Net Settlement Fund by reason of un-cashed cash distributions or returned Settlement Shares (or their proceeds) or

4   otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash

5   their distributions, any cash balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their

6   initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-

7   distribution.  If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3)

8   organization(s) designated by Lead Counsel.

9   Plaintiffs, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund,

10  the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or

11  withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

12          **SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

13

14  If you purchased Tripath securities during the period between January 29, 2004 and June 13, 2005, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has

15  directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization

16  for whom or which you purchased the Tripath securities during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of

17  charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of such Tripath securities.  If you choose to follow alternative procedure (b), the Court has

18  directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of

19  your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial

20  owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims

21  Administrator:

22                  Tripath Securities Litigation Settlement Fund
                            c/o Gilardi & Co. LLC
23                           Claims Administrator
                               P.O. Box _____
24                      _____, CA _____
                              (800) ___ - _____
25

26  Dated:          Oakland, California
                    _____, 2005
27

28

PROOF OF CLAIM AND RELEASE
CASE NO.: 04-CV-04681 (SBA)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>By Order of the Court</u>

CLERK OF THE COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re TRIPATH TECHNOLOGY INC., SECURITIES LITIGATION | ) Master File No. C 04 4681 SBA )  ) CLASS ACTION ) |
| This Document Relates To:<br><br>ALL ACTIONS | ) ) ) ) ) ) ) ) |

## PROOF OF CLAIM AND RELEASE

DEADLINE FOR SUBMISSION: _____, 2005.

IF YOU PURCHASED THE COMMON STOCK OF TRIPATH TECHNOLOGY INC. ("TRIPATH") DURING THE PERIOD BETWEEN JANUARY 29, 2004 AND JUNE 13, 2005, INCLUSIVE ("CLASS PERIOD"), AND WERE DAMAGED THEREBY, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.   (EXCLUDED FROM THE CLASS ARE THE DEFENDANTS, THE OFFICERS AND/OR DIRECTORS OF TRIPATH, AT ALL RELEVANT TIMES, MEMBERS OF THEIR IMMEDIATE FAMILIES (PARENTS, SPOUSES, SIBLINGS, AND CHILDREN), AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS, AND ANY ENTITY IN WHICH THE DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST.)

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2005 TO THE FOLLOWING ADDRESS:

Tripath Securities Litigation Settlement Fund
c/o Gilardi & Co. LLC
Claims Administrator
Post Office Box ___
_____, ___ _____

PROOF OF CLAIM AND RELEASE
CASE NO.: 04-CV-04681 (SBA)

1
2
3
4

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2005 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

5
6
7

**(ii)        I purchased the securities of Tripath between January 29, 2004 and June 13, 2005, inclusive. (Do not submit this Proof of Claim if you did not purchase Tripath securities during this period).**

8
9
10
11
12
13
14
15
16
17
18

**(iii)        By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone excluded from the Class; that I have read and understood the Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Notice; and that I have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member (*e.g.*, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)**

19
20
21
22
23
24

**(iv)        I consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I understand and agree that my claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Class Member and the validity and amount of my claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.**

25
26
27

**(v)        I have set forth where requested below all relevant information with respect to each purchase or other acquisition of Tripath securities during the Class Period, and each sale, if any, of such securities.  I agree to furnish additional information (including transactions in**

28

other Tripath securities) to the Claims Administrator to support this claim if requested to do so.

(vi)     I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, sale or retention of Tripath securities listed below in support of my claim.  (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

(vii)    I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification.  (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim.  In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

(viii)   Upon the occurrence of the Effective Date my signature hereto will constitute a full and complete release, remise and discharge by me and my heirs, executors, administrators, predecessors, successors, and assigns (or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Settled Claims," as defined in the Notice.

(ix)     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims

1   Administrator at 1-(800) ___-____ or visit their website at www.gilardi.com to obtain the

2   required file layout.  No electronic files will be considered to have been properly submitted

3   unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt

4   and acceptance of electronically submitted data.

5       **(x)        Statement of Claim**

6           Name(s) of Beneficial Owner(s):

7           _____

8           Name

9           _____
            Joint Owner's Name (if any)

10          Address of Beneficial Owner(s):

11          _____

12          Street No.

13          _____
            City            State           Zip Code

14          (    )_____        (    )_____
            Telephone No. (Day)          Telephone No. (Night)

15

16          _____
            Taxpayer I.D. No. or Social Security No.

17          Check one:

18          ___Individual          ___Corporation
            ___Joint Owners        ___IRA

19          ___Estate              ___Other _____ (specify)

20      **(xi)        At the close of business on January 28, 2004, I owned _____ shares of**

21   **Tripath common stock (If none, write 0).**

22      **(xii)        I made the following purchases of Tripath common stock during the period**

23   **January 29, 2004 through June 13, 2005, inclusive (NOTE:  (Persons who received Tripath**

24   **common stock during the Class Period other than by purchase are not eligible to submit claims**

25   **for those transactions.):**

26   | Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
     |---|---|---|---|

27

28   | ___/___/_____ | _____ | $_____ | $_____ |

1
2
3

| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |

**(xiii)**      From June 14, 2005 to date, I purchased a total of _____ additional shares of Tripath common stock (If none, write 0).

**(xiv)**      I made the following sales of Tripath common stock during the period January 29, 2004 to date, inclusive:

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
| --- | --- | --- | --- |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |

**(xv)**      At the close of trading on June 13, 2005,  I owned _____ shares of Tripath common stock (If none, write 0).  As of the date hereof,  I own _____ shares of Tripath common stock (If none, write 0).

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

**(xvi)**      **Substitute Form W-9**

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

_____
Social Security Number (for individuals) or

_____
Taxpayer I.D. No.
(for estates, trusts, corporations, etc.)

**(xvii)**      **Certification**

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because:  (a) I am (We are) exempt from

backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, *e.g.*, beneficial purchaser(s), executor, administrator, trustee, etc.)

DATE: _____

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN _____, 2005, AND MUST BE MAILED TO:

Tripath Securities Litigation Settlement Fund
c/o Gilardi & Co. LLC
Claims Administrator
Post Office Box ___
_____, ___ _____

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2005, and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions.  In all

SUMMARY NOTICE OF PENDENCY OF CLASS ACTION,  PROPOSED SETTLEMENT AND SETTLEMENT HEARING
CASE NO.: 04-CV-04681 (SBA)

1  other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the

2  Claims Administrator.

3         You should be aware that it will take a significant amount of time to process fully all of the

4  Proofs of Claim and to administer the Settlement.  This work will be completed as promptly as time

5  permits, given the need to investigate and tabulate each Proof of Claim.  Please notify the Claims

6  Administrator of any change of address.

7                          **REMINDER CHECKLIST**

8  1.     ?      Please be sure to sign this Proof of Claim on page [__].  If this Proof of Claim is
   submitted on behalf of joint claimants, then both claimants must sign.

9

10 2.     ?      Please remember to attach supporting documents.  Do NOT send any stock
   certificates.  Keep copies of everything you submit.

11 3.     ?      Do NOT use highlighter on the Proof of Claim or any supporting documents.

12 4.     ?      If you move after submitting this Proof of Claim, please notify the Claims
   Administrator of the change in your address.

13

14 **NOTE:  RECEIPT ACKNOWLEDGMENT NEEDED**

15        The Claims Administrator will send a written confirmation of its receipt of your Proof of

16 Claim.  Do not assume your claim is submitted until you receive written confirmation of its receipt.

17 Your claim is not deemed fully filed until the Claims Administrator sends you written confirmation

18 of its receipt of your Proof of Claim. If you do not receive an acknowledgement postcard within

19 thirty (30) days of your mailing the Proof of Claim, then please call the Claims Administrator toll

20 free at _____.

21

22

23

24

25

26

27

28

SUMMARY NOTICE OF PENDENCY OF CLASS ACTION,  PROPOSED SETTLEMENT AND SETTLEMENT HEARING
CASE NO.: 04-CV-04681 (SBA)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

1

UNITED STATES DISTRICT COURT

2

NORTHERN DISTRICT OF CALIFORNIA

3

4  In re TRIPATH TECHNOLOGY INC.,            ) Master File No. C 04 4681 SBA
   SECURITIES LITIGATION                     )
5                                            ) CLASS ACTION
                                             )
6  _____      )
                                             )
   This Document Relates To:                 )
7                                            )
   ALL ACTIONS                               )
8                                            )
                                             )
9                                            )
                                             )
10 _____      )

11

12            **SUMMARY NOTICE OF PENDENCY OF CLASS ACTION,**
              **PROPOSED SETTLEMENT AND SETTLEMENT HEARING**

13  TO:      ALL PERSONS WHO PURCHASED THE SECURITIES OF TRIPATH
             TECHNOLOGY INC. ("TRIPATH") BETWEEN JANUARY 29, 2004 AND JUNE
14           13, 2005, INCLUSIVE, AND WHO WERE DAMAGED THEREBY (THE
             "CLASS").

15

16          YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

17  Procedure and an Order of the Court, that the above-captioned action has been certified as a class

18  action and that a settlement for 2,450,000 shares of Tripath common stock and $200,000 in cash has

19  been proposed.  A hearing will be held before the Honorable Saundra B. Armstrong in the United

20  States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612-

21  5212, at ___:_____  __.m., on _____, 2005, to determine whether the proposed

22  settlement should be approved by the Court as fair, reasonable, and adequate, and to consider the

23  application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses.

24          IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS

25  WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT

26  FUND.  If you have not yet received the full printed Notice of Pendency of Class Action and

27  Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing and a Proof of

28  Claim form, you may obtain copies of these documents by contacting the Claims Administrator:

SUMMARY NOTICE OF PENDENCY OF CLASS ACTION,  PROPOSED SETTLEMENT AND SETTLEMENT HEARING
CASE NO.: 04-CV-04681 (SBA)

1
2
3
4

Tripath Securities Litigation Settlement Fund
c/o Gilardi & Co. LLC
Claims Administrator
Post Office Box _____
_____, _____, _____
(800) _____
www.gilardi.com

5   Inquiries, other than requests for the forms of Notice and Proof of Claim, may be made to Lead

6   Counsel:

7   Jeff S. Westerman, Esq.
    Elizabeth P. Lin, Esq.
8   MILBERG WEISS BERSHAD
      & SCHULMAN LLP
9   355 South Grand Ave., Suite 4170
    Los Angeles, CA 90071
10  Telephone:  (213) 617-1200

11         To participate in the Settlement, you must submit a Proof of Claim no later than

12  _____, 2005.  If you are a Class Member and do not exclude yourself from the Class,

13  you will be bound by the Order and Final Judgment of the Court.  To exclude yourself from the

14  Class, you must submit a request for exclusion postmarked no later than _____, 2005.

15  Any objections to the Settlement must be filed by _____, 2005.  If you are a Class

16  Member and do not submit a proper Proof of Claim, you will not share in the Settlement but you

17  nevertheless will be bound by the Order and Final Judgment of the Court.

18  Further information may be obtained by contacting the Claims Administrator.

19
20
21                                    _____
                                              By Order of The Court
22
23
24
25
26
27
28