1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

12

FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

OAKLAND DIVISION

14

15

In re TRIPATH TECHNOLOGY, INC., SECURITIES LITIGATION

Case No:  C 04-4681 SBA

16

**CLASS DISTRIBUTION ORDER**

17

This Document Relates To:

18

ALL ACTIONS

19

20

21

22

23

24

25

26

27

28

1  WHEREAS, the parties to the above-captioned class action (the "Action") entered

2  into a Stipulation and Agreement of Settlement dated July 11, 2005 (the "Stipulation")

3  which provided for the settlement of this Action for 2,450,000 shares of Tripath

4  Technology Inc. ("Tripath") common stock (the "Settlement Shares") plus $200,000 in

5  cash (the "Cash Settlement Fund") (collectively, the Settlement Shares and the Cash

6  Settlement Fund are referred to herein as the "Settlement"); and

7  WHEREAS, on April 11, 2006, this Court entered an Order and Final Judgment (the

8  "Final Order") approving the terms of the Stipulation for the settlement of this Action on

9  behalf of a class consisting of all persons who purchased the securities of Tripath between

10  January 29, 2004 and June 13, 2005, inclusive, and who were damaged thereby (the

11  "Class").  Excluded from the Class are the Defendants, the officers and/or directors of

12  Tripath, at all relevant times, members of their immediate families (parents, spouses,

13  siblings, and children), and their legal representatives, heirs, successors or assigns, and any

14  entity in which the Defendants have or had a controlling interest; and

15  WHEREAS, the Final Order also approved the Plan of Allocation for distributing

16  the proceeds of the Settlement to Class Members who submitted acceptable Proofs of

17  Claim ("Claims"); and

18  WHEREAS, the Final Order also awarded Lead Plaintiff's counsel, Milberg, LLP

19  ("Lead Counsel"), 25% of the Settlement Shares for their attorneys' fees and awarded

20  $19,128.08 from the Cash Settlement Fund for reimbursement of Lead Counsel's litigation

21  expenses; and WHEREAS, pursuant to the Stipulation, Defendant Tripath and Individual

22  Defendants Adya S. Tripathi, David P. Eichler, and Graham K. Wright (collectively, the

23  "Defendants") paid $200,000 into the escrow account established for the Cash Settlement

24  Fund in consideration for the release of the Settled Claims against the Released Parties; and

25  WHEREAS, on January 17, 2007, Lead Counsel moved the Court to authorize,

26  among other things, the distribution of the Settlement's proceeds to the Class Members who

27  had submitted acceptable Claims; and

28

1   WHEREAS, Tripath filed a voluntary Chapter 11 Bankruptcy Petition on February

2   8, 2007, and on March 5, 2007 Tripath filed a Notice of its bankruptcy, which stayed the

3   proceedings herein and prohibited the distribution of the 2,450,000 Settlement Shares; and

4   WHEREAS, On March 26, 2007 Lead Counsel withdrew the Motion for

5   Distribution of the Class Settlement Fund by reason of Tripath's bankruptcy; and

6   WHEREAS, Lead Counsel has maintained periodic contact with Tripath's

7   bankruptcy counsel concerning the bankruptcy proceedings; and

8   WHEREAS, in June, 2011, Tripath's bankruptcy counsel advised Lead Counsel that

9   the remaining assets and claims of Tripath were settled and liquidated, and there will be

10   insufficient funds to allow any distribution for former equity-holders, including the 75% of

11   the 2,450,000 Settlement Shares allocated for the Class, and the 25% of the 2,450,000

12   Settlement Shares that were awarded for Lead Counsel's attorneys' fees; and

13   WHEREAS, as detailed in the January 10, 2007 Declaration of Daniel J. Marotto in

14   Support of Plaintiff's Motion for Distribution of Class Settlement Fund (filed on January

15   17, 2007 as Docket No. 82) (the "Marotto Declaration"), the Claims Administrator, Gilardi

16   & Co. LLC ("Gilardi"), had processed 1,502 Claims, of which 915 were recommended for

17   acceptance, and 587 were recommended for rejection; and

18   WHEREAS, on August 18, 2011, Lead Plaintiff renewed the Motion for an Order

19   authorizing the distribution of the Net Cash Settlement Fund (the $200,000 Cash Settlement

20   Fund, plus interest earned, less the $19,128.08 of litigation expenses awarded to Lead

21   Counsel in the Final Order, less the costs of settlement administration, as set forth in the

22   August 8, 2011 Declaration of Bruce Cozzi of Gilardi & Co. LLC (the "Cozzi

23   Declaration"), and after deducting 25% of the remainder for Lead Counsel's attorneys fees

24   consistent with what the Court previously awarded in the Final Order), to the Claimants

25   whose Proofs of Claim have been accepted by Gilardi (the "Authorized Claimants") and

26   whose proportionate share of such Net Cash Settlement Fund is $10 or more based on their

27   Recognized Claims; andWHEREAS, as detailed in the Cozzi Declaration, Gilardi's fees

28   and expenses incurred and to be incurred in connection with its services performed and to

be performed in mailing and publishing notice to the Class, processing the Claims, allocating the Net Cash Settlement Fund among the Authorized Claimants, and distributing the Net Cash Settlement Fund to Authorized Claimants whose proportionate share of such Net Cash Settlement Fund is $10 or more based on their Recognized Claims, will total $94,691, of which $32,149 has been paid to them; and

WHEREAS, as detailed in the Cozzi Declaration, based on a Net Cash Settlement Fund of $82,650.13 available to pay the Authorized Claimants, 493 Authorized Claimants will be entitled to a distribution of $10 or more based on their Recognized Claims in comparison to the total Recognized Claims of all Authorized Claimants; and

WHEREAS, the Effective Date of the Settlement has occurred; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of the Claims and the distribution of the Net Cash Settlement Fund to the Authorized Claimants.

NOW, THEREFORE, upon reading and filing the Cozzi Declaration and the memorandum of points and authorities, and upon all prior proceedings herein and after due deliberation, IT IS HEREBY ORDERED that:

1.      The Court approves Gilardi's acceptance of the Claims as indicated on the computer printout of accepted Claims submitted with and described in the Marotto Declaration, including Claims submitted after May 29, 2006, and received through and including December 31, 2006, and the accepted Claimants shall be the "Authorized Claimants."

2.      The Court approves Gilardi's rejection of the Claims as indicated on the computer printout of rejected Claims submitted with and described in the Marotto Declaration.

3.      Gilardi shall be paid the sum of $62,542 from the Cash Settlement Fund for the balance of its fees and expenses incurred and to be incurred in connection with its services performed and to be performed in mailing and publishing notice to the Class,

processing the Claims, allocating the Net Cash Settlement Fund among the Authorized

Claimants, and distributing the Net Cash Settlement Fund.

4.      Lead Counsel is authorized under the Final Order to deduct $19,128.08 from

the Cash Settlement Fund for litigation expenses. Lead Counsel shall also be paid

$27,550.05, being 25% of the remainder of the Cash Settlement Fund as their attorneys'

fees.

5.      After deducting the foregoing amounts from the Cash Settlement Fund, the

remaining $82,650.13 Net Cash Settlement Fund is to be distributed by Gilardi to the

Authorized Claimants whose proportionate share of such Net Cash Settlement Fund is $10

or more based on their Recognized Claims in comparison to the total Recognized Claims of

all Authorized Claimants.

6.      The cash payments to be distributed to the eligible Authorized Claimants

shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-

DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and Gilardi are

authorized to take appropriate action to locate and or contact any eligible claimant who has

not cashed his, her or its distribution within said time.

7.      The costs of such services to locate and reissue the cash payments to such

eligible Authorized Claimants shall be payable from the unclaimed/uncashed funds

remaining in the Net Cash Settlement Fund.

8.      As provided in the Plan of Allocation previously approved by the Court, one

year after the initial distribution of the Net Cash Settlement Fund to eligible claimants and

after reasonable and diligent efforts have been made to have the eligible claimants cash

their distributions, Lead Counsel is authorized to distribute any funds remaining in the Net

Cash Settlement Fund by reason of uncashed distributions, tax refunds, interest, or

otherwise, to Authorized Claimants who have cashed their cash payments, provided that

they would receive at least $10 on such redistribution based on their Recognized Claims,

after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund

for such re-distribution.

9.      If after six months after such redistribution any funds shall remain in the Net Cash Settlement Fund, then such balance shall be distributed equally to the following non-sectarian, not-for-profit, 501(c)(3) organizations designated by Lead Counsel: (1) Public Counsel Law Center; (2) Equal Justice Works; (3) Bay Area Legal Aid; and (4) Centro Legal de la Raza.

10.      All Class Members, whether or not they are to receive payment from the Net Cash Settlement Fund are barred from making any further claim against the Cash Settlement Fund, Net Cash Settlement Fund, or the released persons beyond the amount allocated to them in this Order.

11.      Gilardi shall retain hard copies of the Claims and supporting documents and any electronic or magnetic media data to the extent required by federal and state law, whichever is longer.

12.      This Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

13.      No claim submitted after December 31, 2006 may be accepted for any reason whatsoever.

IT IS SO ORDERED.

Dated:  September 28, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge